**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000464**
**26-JUN-2012**
**10:44 AM**

NO. CAAP-11-0000464

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KAEOKULANI KAWANANAKOA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWA DIVISION
(HPD Traffic No. 1DTA-10-05163)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Kaeokulani Kawananakoa
(Kawananakoa) appeals from the "Notice of Entry Judgment and/or
Order and Plea/Judgment" (Judgment) filed on May 12, 2011, in the
District Court of the First Circuit (District Court).[1]
Kawananakoa was charged by complaint with (1) Operating a Vehicle
Under the Influence of an Intoxicant (OVUII), in violation of
Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3)
(Supp. 2011),[2] and reckless driving, in violation of HRS § 291-2

---

[1] The Honorable T. David Woo, Jr., presided.

[2] HRS § 291E-61(a)(1) and (a)(3) provide as follows:

§291E-61 Operating a vehicle under the influence of an
intoxicant. (a) A person commits the offense of operating a
vehicle under the influence of an intoxicant if the person
operates or assumes actual physical control of a vehicle:

(1)    While under the influence of alcohol in an amount
       sufficient to impair the person's normal mental
       faculties or ability to care for the person and guard
       against casualty; [or]

(continued...)

(2007).

Prior to trial, Kawananakoa filed a written "Motion to Dismiss [Re: Failure to Allege an Essential Fact]," in which he argued that the OVUII charge was deficient for failing to allege that he committed the OVUII offense intentionally, knowingly, or recklessly. He also orally moved to dismiss the complaint as deficient because it contained the facsimile signature, and not the actual handwritten signature, of the deputy prosecuting attorney. The District Court denied Kawananakoa's written and oral motions to dismiss.

Kawananakoa pleaded no contest to the reckless driving charge,[3] and he proceed to trial on the OVUII charge. After a bench trial, the District Court found Kawananakoa guilty of OUVII, in violation of HRS § 291E-61(a)(1) and HRS § 291E-61(a)(3).

I.

On appeal, Kawananakoa argues that the District Court erred in: (1) denying his oral motion to dismiss the complaint, which was based on his contention that the complaint was not properly signed; (2) denying his written motion to dismiss the OVUII charge as deficient for failure to allege that he committed the offense intentionally, knowingly, or recklessly; and (3) failing to conduct the colloquy required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995). As explained below, we conclude that the HRS § 291E-61(a)(1) charge was deficient for failing to allege *mens rea,* but that the HRS § 291E-61(a)(3) charge was sufficient; we vacate Kawananakoa OVUII conviction based on the District Court's failure to comply with Tachibana; and we remand the case for further proceedings.

_____

[2] (...continued)

. . .

    (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

[3] Kawananakoa does not appeal from the portion of the Judgment that entered his conviction and sentence on the reckless driving charge.

II.

We resolve the arguments raised by Kawananakoa on appeal as follows:

1.    We conclude that the District Court did not err in denying Kawananakoa's oral motion to dismiss the complaint.  When the complaint in this case was filed, the Hawai'i Supreme Court's April 26, 2010, "Order Extending Pilot Project for Submitting Written Criminal Complaints by Electronic Mail in the District Courts of the First, Third, and Fifth Circuits of the State of Hawai'i" (Pilot Project Order) was in effect.  The Pilot Project Order permits complaints to be signed by means of a facsimile signature of duly authorized prosecutors.

Kawananakoa had the burden of establishing that the complaint was deficient for failing to comply with the Pilot Project Order.  See State v. Almeida, 54 Haw. 443, 448, 509 P.2d 549, 552 (1973) (concluding that a defendant who files a motion to dismiss bears the burden of presenting a prima facie case showing that he or she is entitled to dismissal); State v. Layton, 53 Haw. 513, 516, 497 P.2d 559, 561-62 (1972) (noting that an indictment has a presumption of validity); State v. Rodrigues, 63 Haw. 412, 417, 629 P.2d 1111, 1115 (1981) ("In challenging the validity of an indictment, the defendant has the burden to establish prejudice."); State v. Chong, 86 Hawai'i 290, 295, 949 P.2d 130, 135 (App. 1997) (stating that "the defendant bears the burden of proof when challenging an indictment").

Here, the complaint against Kawananakoa contained a facsimile signature of a deputy prosecutor and was valid on its face.  In support of his oral motion to dismiss, Kawananakoa did not provide any basis for believing that the facsimile signature appearing on the complaint, or any other aspect of the complaint, failed to comply with the Pilot Project Order.  We conclude that Kawananakoa failed to meet his burden of setting forth a prima facie case that he is entitled to the dismissal of the complaint based on a claim that it was not properly signed or that it failed to comply with the Pilot Project Order.  Accordingly, the

District Court properly denied Kawananakoa's oral motion to dismiss.

2. We conclude that the portion of the OVUII charge that asserted an HRS § 291E-61(a)(3) violation was sufficient. The OVUII charge against Kawananakoa did not allege a *mens rea* with respect to either the violation of HRS § 291E-61(a)(1) or HRS § 291E-61(a)(3). In State v. Nesmith, Nos. SCWC-10-0000072, SCWC-30438, 2012 WL 1648974 (Hawai'i April 12, 2012), the Hawai'i Supreme Court recently held that (1) *mens rea* must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation; and (2) *mens rea* need not be alleged (or proven) in a charge asserting a violation of HRS § 291E-61(a)(3), because the legislative intent to impose absolute liability for an HRS § 291E-61(a)(3) offense plainly appears.

Subsections (a)(1) and (a)(3) can each serve as a basis for an OVUII conviction under HRS § 291E-61. Nesmith, 2012 WL 1648974, at *14. Pursuant to Nesmith, we conclude that the HRS § 291E-61(a)(1) charge was deficient for failing to allege *mens rea*, but that the HRS § 291E-61(a)(3) charge was sufficient. Because the HRS § 291E-61(a)(3) charge was sufficient, Plaintiff-Appellee State of Hawai'i (State) was entitled to proceed to trial against Kawananakoa on the HRS § 291E-61(a)(3) charge.

The District Court found Kawananakoa guilty of violating both HRS § 291E-61(a)(1) and HRS § 291E-61(a)(3). Because the HRS § 291E-61(a)(3) charge was sufficient and because Kawananakoa does not challenge the sufficiency of the evidence regarding the HRS § 291E-61(a)(3) charge, Kawananakoa's OVUII conviction would stand for violating HRS § 291E-61(a)(3), absent error committed at trial.

3. We conclude, however, that the District Court committed error at trial by failing to conduct any colloquy as required by Tachibana to obtain an on-the-record waiver by Kawananakoa of his right to testify. The State acknowledges that the District Court committed error by failing to conduct a

4

colloquy pursuant to <u>Tachibana</u>, but contends that such error was harmless. We are not persuaded by the State's harmless error argument. <u>See</u> <u>State v. Hoang</u>, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (App. 2000) (concluding in a case involving <u>Tachibana</u> error that "it is inherently difficult . . . to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case"). Accordingly, we vacate Kawananakoa's OVUII conviction, and we remand the case for further proceedings consistent with this Summary Disposition Order.

III.

IT IS HEREBY ORDERED that the May 12, 2011, Judgment of the District Court is vacated with respect to Kawananakoa's conviction and sentence for OVUII in violation of HRS § 291E-61(a)(1) and HRS § 291E-61(a)(3), and the case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, June 26, 2012.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

Chief Judge

Associate Judge

Associate Judge